**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RIGOBERTO PACHECO,

    Defendant - Appellant.

No. 00-2131
(D.C. No. CR-99-767-JP)
(D. New Mexico)

ORDER

Before **LUCERO, ANDERSON,** Circuit Judges, and **MILLS**[*], District Judge.

The Court, in order to correct a clerical error in the issuance of this order dated November 13, 2000, hereby reissues the order to reflect the correct day in the last paragraph regarding the previously scheduled oral argument, from Thursday to Friday, the rest of the order remains the same.

The order is reissued nunc pro tunc and is to read as follows:

Defendant-appellant Rigoberto Pacheco was sentenced to a mandatory minimum fifteen-year sentence pursuant to 18 U.S.C. § 924(e), the Armed Career

_____

[*]Honorable Richard Mills, U.S. District Court Judge, Central District of Illinois, sitting by designation.

Criminal Act ("the Act"), which applies to defendants who have three or more convictions for violent felonies and/or serious drug offenses. Pacheco has filed an "Unopposed Motion for Remand" arguing he should not have been sentenced under the Act and requesting resentencing by the district court.

In its answer brief filed in opposition to Pacheco's appeal, the government concedes the district court erred in sentencing Pacheco under the Act because one of his prior convictions did not meet the statutory definition of a serious drug offense. Under the Act, a drug conviction must have a maximum term of imprisonment of ten or more years to qualify as a "serious drug offense." 18 U.S.C. § 924(e)(2)(A)(ii). Pacheco's 1985 conviction in California under Cal. Health & Safety Code § 11379.5 for selling or transporting PCP, including an enhancement under Cal. Penal Code § 667.5(b), had a maximum term of less than ten years. The government also concedes that sentencing Pacheco under § 924(e) was plain error.

Given the nature of Pacheco's prior conviction and the government's concession, we **GRANT** Pacheco's motion, **VACATE** his sentence, and **REMAND** for resentencing without application of the Act's mandatory minimum. We also note Pacheco's appeal challenges the district court's ruling that his prior conviction in California for attempted robbery was a violent felony under 18 U.S.C. § 924(e). We **VACATE** the district court's determination in that regard as well, leaving resolution of the issue for another day.

The oral argument previously scheduled for Friday, November 17, 2000 is vacated and counsel are excused from attendance. A certified copy of this order shall stand as and for the mandate of this court.

Entered for the Court
PATRICK FISHER, Clerk of Court

by:
Shannon K. Sullivan
Deputy Clerk